IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY HACKNEY | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-7590 |
| | : | |
| T.D. BANK | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                                  May 12, 2014

      Plaintiff Larry Hackney brought this action against T.D. Bank based on his assertion that he never received a settlement check in connection with a class settlement entered into by T.D. Bank in a class action presided over by the Honorable James Lawrence King in the Southern District of Florida. *See In re Checking Account Overdraft Litigation*, 09-MD-2036 (S.D. Fla.). T.D. Bank moved to dismiss the Complaint. In response, Hackney filed two motions of his own, essentially requesting that the Court enter judgment in his favor and that T.D. Bank produce a copy of the check it alleged he was sent in connection with the settlement. For the following reasons, T.D. Bank's motion will be granted and Hackney's motions will be denied.

**BACKGROUND**[1]

      The class action in Florida concerned T.D. Bank's allegedly improper assessment and collection of overdraft fees. *In re Checking Account Overdraft Litigation*, 09-MD-2036 (Document 3339 at 15-16). Public records establish that, on March 18, 2013, Judge King entered an order approving the parties' settlement agreement, and issued final judgment in the case. *Id.* (Documents 3339 & 3340). Pursuant to the settlement agreement, class members who did not opt out would receive a pro rata share of the $62,000,000 common fund and, in turn,

---

[1] The following facts are taken from the Complaint and publicly available documents from the proceedings in the Southern District of Florida.

released T.D. Bank from any liability associated with the improper assessment of overdraft fees. *Id.* (Document 3158-1, ¶¶ 90, 97, 107-109 & Document 3340, ¶ 6).  The final judgment states that the parties to the settlement agreement submit to, and that Judge King retains, "exclusive jurisdiction . . . to administer, implement, supervise, construe, enforce and perform the Settlement" and to "adjudicate any suit, action, proceeding or dispute arising out of the Settlement."  *Id.* (Document 3340, ¶ 8).

In his Complaint, Hackney essentially alleged that T.D. Bank improperly charged him $1,400 in overdraft fees.  He further alleged that, although he was part of the settlement class in the Florida action, he never received a settlement check after Judge King's approval of the settlement.  Hackney also suggested that he is dissatisfied with the settlement approved by Judge King.

T.D. Bank moved to dismiss the Complaint on the basis that it is incomprehensible and, alternatively, because Hackney's claims are barred by Judge King's orders in the multi-district litigation.  Hackney responded with a "Motion for Delaid [sic] Settlement," in which he again alleged that T.D. Bank deprived him of his settlement proceeds and that the settlement in the Florida action was unfair.  He appears to be requesting that the Court enter judgment in his favor in the amount of $1,000,000.  Hackney also filed a motion titled "Motions the Court to Order Defendants to Show the Date, Amount, and the Check in Xerox form on #1 Sheet of 8 ½ x 11 Stationary" requesting that T.D. Bank produce a copy of the settlement check allegedly sent to him.[2]  In his motion, Hackney confirmed that the instant lawsuit is based on his allegation that he never received a check for his portion of the settlement.

---

[2] Hackney filed a similar motion in connection with his "Motion for Delaid [sic] Settlement," but it appears that motion was not properly docketed and the defendants did not receive notice of it.

T.D. Bank responded to Hackney's motions by arguing that the motion for settlement should be denied, and by producing a copy of the check in the amount of $9.31, dated June 6, 2013, that the settlement administrator sent to Hackney. T.D. Bank also submitted an affidavit from an employee of the settlement administrator, who confirmed that the check was sent to Hackney, but that it had not been negotiated. T.D. Bank indicated that it is willing to have the settlement administrator cancel the original check and issue a new check for Hackney's proportionate share of the settlement fund.

Plaintiff subsequently filed a belated opposition to T.D. Bank's motion to dismiss. He did not clearly respond to any of T.D. Bank's arguments for dismissal. Instead, he appears to be reiterating his belief that T.D. Bank improperly charged him overdraft fees and claiming that the settlement in the Florida action was unfair because he is entitled to more than the $9.31 reflected on the settlement check.

**DISCUSSION**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Affirmative defenses that are apparent from the face of the complaint may be raised in a 12(b)(6) motion. *See Ball v. Famiglio*, 726 F.3d 448, 459 n.16 (3d Cir. 2013); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425-26 (2d Cir. 2008) (district court may dismiss complaint based on affirmative defense established by the complaint and judicially noticeable information).

As a class member who failed to opt out, Hackney is bound by Judge King's final judgment and his order approving the settlement agreement in *In re Checking Account Overdraft Litigation*, 09-MD-2036 (S.D. Fla.).[3]  *See In re Diet Drugs Prods. Liab. Litig.*, 431 F.3d 141, 146 (3d Cir. 2005).  In his final judgment, Judge King expressly retained exclusive jurisdiction to adjudicate disputes arising out of the settlement agreement.  *In re Checking Account Overdraft Litigation,* 09-MD-2036 (S.D. Fla.) (Document 3340, ¶ 8); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) (a court may retain jurisdiction to enforce settlement agreements provided it expressly does so as part of its dismissal order).  Accordingly, as Hackney's claims all arise out of the settlement agreement, he must raise those claims before Judge King in the Southern District of Florida.  To the extent Hackney seeks reissuance of his settlement check, it appears the parties can resolve that issue without resorting to the courts.

For the foregoing reasons, the Court will grant T.D. Bank's motion to dismiss and dismiss the Complaint without prejudice to Hackney proceeding in the Southern District of Florida in the event the parties cannot resolve this matter themselves.  Hackney's motions will be denied because T.D. Bank's production of the settlement check mooted Hackney's request for production and because Hackney must pursue any substantive relief in the Southern District of Florida.

An appropriate order follows.

                                                BY THE COURT:

                                                /s/ Juan R. Sánchez
                                                Juan R. Sánchez, J.

---

[3] Although plaintiff is dissatisfied with the settlement agreement, he appears to acknowledge that he is bound by it.